### TOM L. JOHNSON v. T. H. JOHNSON ET AL.

1. **STATUTE MUST BE STRICTLY FOLLOWED IN ERROR.**

    Proceedings in error are purely statutory, and the statutes are not remedial in their nature; they confer certain rights, and in order to secure those rights or bring a case before the reviewing court, the statutes must be strictly complied with.

2. **TESTIMONY BEFORE REFEREE NOT AVAILABLE ON ERROR.**

    Testimony taken before a referee, reduced to writing and signed by each of the witnesses and reported to the court of common pleas, accompanied by the referee's certificate that it is all of the testimony taken before him, does not become such a part of the record as will make it available in the circuit court, in place of a bill of exceptions, to determine whether the findings of the referee were correct or whether the judgment of the court of common pleas was justified by the findings.

3. **PURPOSE OF—MUST BE IN FORM OF BILL OF EXCEPTIONS.**

    Such testimony is reported to the court of common pleas for no other purpose than that that court may, in entering judgment on the referee's report, have the testimony as a guide in the consideration of exceptions to findings of law and fact by the referee. It can have no application to proceedings beyond the common pleas court, unless put in the form of a bill of exceptions.

ERROR to the Court of Common Pleas of Cuyahoga county.

CALDWELL, J.

This was a whole hearing in this case, and the matter stands for decision

The preliminary questions being quite important, it will be necessary to consider those first.

In this action, there was a motion sustained here to strike off the bill of exceptions, and the case comes on for hearing without a bill of exceptions, and the only question to be considered now is one of fact: Whether the findings of the referee are correct, and whether the court below was justified in affirming the judgment on those findings. So that, unless something can be substituted for the bill of exceptions, it is impossible to try that question here.

The court, in ordering the reference below, ordered the referee to have each witness sign his testimony, and to report that testimony back into the court of common pleas, which was done, and the referee undertakes to show that he not only reports the testimony that was thus signed by the witnesses, but all the evidence that was introduced before him, into the court of common pleas.

Now it is insisted, that when that is done, that testimony becomes a part of the record of the case and anything that is in the record of the case necessarily comes into this court by a proceeding in error; comes here the same as pleadings; comes here the same as anything else that is a part of the record. But we hold that that is not a part of the record, for which it is contended; that it is reported back into the court of common pleas for no other purpose than that the court there may, in entering judgment upon the referee's report, have that as a guide, and

it may be used by the common pleas court in the correction or in the consideration of exceptions taken, not only to findings of law, but to findings of fact, by the referee.

In the last volume of the Encyclopædia of Pleading and Practice, there. is an article on reference, in which this whole matter is very extensively discussed, and we have examined that with a great deal of care, and we are satisfied that that testimony has no pertinence whatever in the case beyond the extent to which the common pleas judge may use it; that in proceedings any further in the appellate courts or in any other court, it is of no use, * * * has no utility whatever, unless put in form in the bill of exceptions.

This identical case was decided in 22nd Hun. There the long-hand notes of the referee, wherein he had written out the testimony, were taken before the trial judge and they are used, and they were undertaken to be used as the testimony in the case in the appellate court: but it. was held in this case in 22nd Hun, that that could not be done. And that is our holding in this case; that we cannot look into the testimony as it appears here, to determine the questions of the fact that are sought to be raised in this case.

Proceedings in error are statutory proceedings purely. Every step is pointed not by statute, and, in order that the end and purpose may be reached of bringing a case, of prosecuting a case, of carrying it on in the court of error, it is necessary that every step of the statute should be complied with. We have found, by recent experience in our own Supreme Court, that these different provisions are being very strictly construed, and that is the rule, that they are strictly construed. They are not. looked upon as remedial statutes or anything of that nature; but they are statutes that grant certain rights and, in order to secure those rights, they must be strictly complied with.

Now, the statutes point out but one way in which proceedings may be brought before a reviewing court in this state and that is by bill of exceptions; and to extend the right of a court to review facts beyond that, would be deviating very materially from the general rule that pertains to all proceedings in error, and we do to think that that can be done. How can a reviewing court know that that is 'the testimony that was taken before a referee? That question has been repeatedly asked in the Supreme Court of the state, in regard to a paper that appears among the files in a case, and it is pointed out to the court as referred to in the bill of exceptions and as being attached and yet it is not attached. The Supreme Court has said repeatedly it will not notice the paper. They say: "How do we know what that paper is?" And yet there is as much testimony attached to that paper as to this testimony, being testimony taken before the referee; and the court has repeatedly said that it will not notice a paper, even though that paper be marked and not attached; it is no part of the bill of exceptions and will not be examined.

Now, there is that uncertainty in regard to this testimony and must necessarily be. But we hold as we have already stated, that this testimony has no reference to this case, no application to any proceeding in it beyond the hearing in the common pleas court, and that the only way to make it any part of the proceedings or to make it so that it can be used, is to put it into the form of the bill of exceptions and properly verified and signed.

That being true, we find in this case, there is no testimony before the court, upon which we can examine into the questions of fact raised.

We therefore, affirm the judgment of the court of common pleas.

*L. A. Russell* for plaintiff in error:

*T. H. Johnson, W. P. Hackney, George Sowden, Blandin, Rice & Ginn, Kline, Carr, Tolles & Goff, Dicky, Brewer & McGowan, L. J. Grossman, Sidney C. Vessy,* for defendants in error.